OPINION OF THE COURT
Lawrence E. Kahn, J.
This litigation seeks declaratory and injunctive relief in an *398 effort to prevent implementation of a two-year experiment (Plan) designed to replace official court stenographers in Surrogate’s Courts with mechanical recording devices. The affected stenographers presently have been reassigned to other courts.
This matter appeared on the court’s Special Term by order to show cause seeking a preliminary injunction. Thereafter, both parties moved for summary judgment upon the merits of the underlying litigation. As such, the court shall not address the question of whether preliminary relief is necessary. Rather, it shall proceed directly to the merits as requested by the cross motions.
The genesis for the challenged Plan is purportedly founded upon fiscal considerations and allegedly seeks to formalize Laws of 1992 (ch 55, § 414), which provides that "[T]he chief administrator of the courts may authorize the use of mechanical recording of testimony and of other proceedings in each case, in lieu of the taking of stenographic minutes thereof, in: (i) a surrogate’s court in any county, and (ii) the court of claims.”
In reality, there is no Plan for the implementation of section 414. Rather, it appears that in May of 1992, defendant Crosson directed various correspondence or memoranda to selected individuals which unilaterally and without consent transferred them to other courts for assignment. Defendant Crosson also apparently arranged for the replacement of official court stenographers so transferred with tape recording machines, all purportedly in an effort to implement section 414, and as a result of the alleged fiscal crisis which the Office of Court Administration complained of in previous litigation.
Plaintiffs include elected Surrogate Judges from the jurisdictions affected, court stenographers who have been involuntarily transferred, members of the Bar who practice in Surrogate’s Court throughout the State, the Surrogates Association of the State of New York and the New York State Court Reporters Association.
The complaint alleges that the Plan violates article VI, § 30 of the New York State Constitution, because the power to adopt same was not properly delegated to defendant Crosson by the New York State Legislature or alternatively, because he has not received the consent of the Administrative Board of the Courts.
Plaintiffs’ second cause of action seeks a declaration of the *399 Plan’s invalidity based upon equal protection arguments. The third cause of action seeks similar relief premised upon the Due Process Clause. For a fourth cause of action, the official court reporter plaintiffs seek a judgment declaring that the Plan is invalid pursuant to article V, § 6 of the New York State Constitution, section 80 of the Civil Service Law, SCPA 2607, and their respective collective bargaining agreements. A fifth cause of action on behalf of the Surrogates/plaintiffs seeks a determination that they are being selectively, arbitrarily and capriciously prevented from exercising their duties under the State Constitution, Judiciary Law, SCPA and their inherent power to preside in the courts to which they were duly elected and now serve.
Defendant Crosson seeks to rely upon section 28 (b) of article VI of the State Constitution as a source for his power as Chief Administrator of the Courts of the State of New York, to implement the challenged Plan. Defendant Crosson asserts that "[t]he Chief Administrator administers every aspect of the Surrogate’s Court — without question.” He further contends that "the Chief Administrator may direct its use under his unqualified and complete powers to administer the courts.” Defendant should recognize that his authority, as the head of a bureaucracy created to serve the Judges of the State of New York, is neither unqualified nor complete. Constitutionally, he possesses only "such powers and duties as may be delegated to him by the Chief Judge” and "such additional powers and duty as may be provided by law” (NY Const, art VI, § 28 [b]). Indeed, the Court of Appeals has unequivocably determined that the "authority vested in the Chief Administrator by the Constitution is not broad and unlimited” (Matter of Morgenthau v Cooke, 56 NY2d 24, 33).
Defendant’s delegation of authority by the Chief Judge, in pertinent part, is contained in 22 NYCRR 80.1 (a), which provides that "The Chief Administrator shall supervise on behalf of the Chief Judge the administration and operation of the unified court system”. This delegation of authority is permission for the Chief Administrator to exercise the day-today responsibilities for the nuts and bolts operation of a bureaucracy whose sole function is to enhance the ability of elected Judges to perform their statutory and constitutional responsibilities. Contrary to defendant’s assertion, that delegation of authority by the Chief Judge may not constitutionally serve as a springboard for adoption and formulation of general *400 policy determinations which have profound effects on an entire segment of this State’s judicial system.
Paragraph (19) of defendant’s affidavit presently before the court indicates that after preliminary inquiries concerning the type of equipment to be purchased, etc., he consulted with and received approval by the Chief Judge. However, the submissions before the court contain no documentation whereby the Chief Judge may be found to have delegated the power to abolish in all full-time Surrogate’s Courts’ official court stenographer positions and install mechanical recording devices. Defendant, in urging that the Plan is permissible, would have this court determine that section 414 in effect repeals numerous statutes, all by implication. (For example, see, SCPA 2605, 2607, 1404, 2102, 2103, 2104, 2211, 505 [2] [a].) It has long been recognized that repeal of existing law by implication is substantially discouraged (see, Ball v State of New York, 41 NY2d 617, 622). It is only where there is no possibility of reconciling existing law with newly enacted legislation that repeal by implication will be sanctioned (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 391).
Section 414 enables the Chief Administrator to authorize the use of mechanical recording of testimony. It does not mandate such use. Any decision to the contrary is in direct conflict with existing statutes, rules and constitutional responsibilities. Indeed, defendant readily acknowledges that the only rationale is the purported fiscal crisis and an attempt to save money. While this goal is laudable and should be pursued vigorously regardless of the existence or nonexistence of any actual crisis, such rationale may not be utilized to ride roughshod over all existing statutory or constitutional provisions under the banner of fiscal austerity. Fiscal responsibility is of paramount concern to every aspect of government, whether it be judicial, legislative or executive. However, waiving an empty checkbook as an excuse to rationalize the gutting of an effective and efficient method by which courts of record have traditionally been operated for centuries is unavailing.
Plaintiffs’ cross motion for summary judgment shall be granted to the extent that they shall be entitled to a declaration that the Plan has been invalidly adopted and therefore shall be permanently enjoined from implementation. The court has not rendered any decision upon those aspects of the *401 complaint which seek relief on other constitutional, statutory or contractual grounds.
Defendant’s cross motion for summary judgment upon the ground that the complaint fails to state a cause of action shall be denied. The order to show cause shall be dismissed as moot.